Judge Carr
delivered his opinion.*
Upon this case, two questions arise: 1st. Whether by the Will, the legacies are charged on the lands? 2d. If so, does that charge follow the land into the hands of the purchaser? It would seem almost useless to discuss the first point, since Counsel, so able and so diligent, felt himself obliged to admit, that in the hands of the devisee these lands were chargeable. I will, however, say a few words on the subject. Every question of a charge on land under a Will, ís a question of intention. In the case of debts, it is so natural to suppose that a man in that solemn act, intended to be just, that Courts have taken very slight words in a Will to imply a charge upon lands. The Books are full of such cases. Trent v. Trent, in Gilm. Rep. 174, is one of that class. Legacies do not stand on quite so high ground, being voluntary gifts; but, yet every man is supposed to intend that they shall be paid, and to have settled in his mind the fund for their payment: and if there be no fund but land, or if there be expressions tending to show that the Testator had the land in his mind, the Court will turn them upon the land, rather than they should go unpaid. Thus, in Elliot v. Hancock, 2 Vern. Testator devised 5l. annum to his eldest son for if he should so long live, and to his second son, whom he made executor and residuary legatee, he devised his real estate in tail, with several remainders over. The Executor paid the annuity for twenty years, and then died. Decreed, the land should be liable to the annuity, though there were no express words to charge it, the devisee being Executor, and the heir, who was disinherited, having no other provision. Alcock v. Sparhawk, 2 Vern. 228, J. S. by his Will devised his lands to his brother (who was his heir at Law,) in fee, and giving sundry legacies, made his brother his Executor, desiring him to see his Will performed. Per Curiam. “ The lands are subject and liable even on the face of the Will. Testator needed not to have devised the lands to his brother, for he was his heir at Law, unless he intended his brother should take them, subject to his legacies: but he is devisee and executor, and is desired to see the Will performed; and therefore, a much stronger case than that of Cloudesley v. Pelham, 1 Vern. 411, Note. This Decree was affirmed in Parliament.” Ambrey v. Middleton, 2 Eq. Ca. Abr. 497, pl. 16. “ As to all my worldly estate, I give and dispose thereof in manner following:” and then Testator gave several pecuniary legacies, and several annuities for lives,- to be paid by his *590 Executor; and next he devised all the rest and residue of his goods and chattels and estate, to his nephew, Middleton, (the Defendant, and heir at Law to the Testator,) and made him sole Executor. The question was, if the real estate be chargeable with the legacies and annuities, in default of the personal estate? And Cowper Ch. was of opinion, that by the devise of all the rest and residue of his goods, chattels and estate, all his lands did pass to his Executor, and that he took by the Will, and not by descent, as heir at Law: and that the lands so devised to him, were chargeable with the pecuniary legacies and annuities, when the personal estate fell short to satisfy the same, and decreed accordingly.
Compare the case before us with these. The Testatrix a single woman, having onebrothei’, who would have been her heir and distributee, and having scarcely any personal estate, but real estate to the value of five or six thousand dollars, leaves to Mrs'. Olivia Dcionman, in whose house she had lived, and to Miss Down-man, her daughter, to the first $400, and to the last $200, to be paid by her Executor. All the rest of her estate, real and personal, she gives to her brother, and makes him her Executor. She certainly intended that these legacies, given as tokens of love and gratitude, should be paid. Out of what fund? Not the personalty, for she bad none; certainly out of the land: and therefore, she devised' it to her brother, that he might take it under the Will, and not by descent; and she made him Executor, and directed him to pay the legacies: and the rest of her estate, real and personal, she gave-to him. I can have no doubt that under this Will, and the settled course of decisions, the land is chargeable with the legacies.
The second question, does the charge follow the land into the hands of the- Defendant, Greenlaiv? Was the one most strongly contested. It was not pretended that Greenlaiv was a purchaser without notice, nor can he occupy that ground at all. A Defendant, who claims to be a purchaser without notice, must expressly deny notice in his Answer, though it is not charged in the Bill. This is settled Law. Here, it is charged in the Bill, that at the sale under the Deed of Trust, an Agent for the legatees attended, expressly forbade the sale, and gave notice, that the land would be held liable for the legacies; and neither of the Answers denies this allegation. We must consider the question then upon other -grounds. Neither do I think this question turns upon the point of fraud, as was strongly contended- by the Counsel for the Appellee: Let us first enquire whether the Defendant, Must, is to be taken as a Trustee, and the land as trust property, so far as relates to the legacies? In discussing the first question, wo have come to the’conclusion, that the le *591 were of charges the land» There seems to have been at one time, a difference of opinion? whether a mere charge upon land.created a trust, like a conveyance to Trustees, but it is now settled that it does. See Bailey, v. Ekins, 7 Ves. 319; Shiphard v. Lutwidge, 8 Ves. 26. These cases show that it is as much a trust as a direct conveyance, or devise to Trustees, for the same purpose: the only difference is, that in-that case, the trust arises by construction of Equity; while in this, it is produced by the express declaration of the party; and when the trust is in essse, it seems wholly immaterial by what moans it has arisen. See Sugd. 335-6. Considering the Executor a Trustee, and this land trust property, so far as the-legacies were concerned, the doctrine on which the case, of CVr turned .has been relied on. 5 Rand. 195. In that case, the party was considered as contracting with Orr, first, in the character of Executor, and secondly, in the character of a full Trustee. In the latter character, it was shown from the cases of Andrew v. Wrigley, 4 Bro. Ch. Cas. 125; Read. v. Snell, 2 Atk. 642; Mabank v. Metcalf, 3 Atk. 95, and Ithell v. Beane, 1 Ves. sen. 215, “that a Trustee cannot alien inpayment of his own debt.5’ The Deeds of Trust in the case before us, were made expressly and solely, to secure the debts of Rust, and the land was sold to raise those debts. But there was another aspect in which the question was more especially considered in the argument, that is, whether this be a case in which the purchaser, even supposing him to have, notice, is bound to see to the application of the purchase money. It was acknowledged, that legacies enumerated, are like scheduled debts, so far as the question, whether the purchaser shall sec to the application of the money is concerned. But it was contended, that in no case, either of debts or legacies, was a purchaser bound to look to application, where the charge was not express, but created by implication and construction. The Counsel referred to no case which took this distinction between an express and an implied charge, nor have I been able to find any. All the cases (and there, are many cited, by Sugden in 11th Ch.) go upon the distinction between a limited and a general trust. In the first (however created) the purchaser is bound, in the last, he is not. The Counsel placed.it on the ground of fraud, and said it would be harsh doctrine, to pronounce it fraudulent, in a purchaser to deal with Rust as owner of the land, when there was a clear devise of it to him,, and the charge was so far from being clear, that none but a lawyer would detect it. But I see none of the cases, nor of the elementary writers, placing this doctrine on the foot of fraud. It seems to depend rather on the doctrine caveat emptor; he who purchases *593 from another must look to the title, must know the authority of the seller. Whether the charge on the land be express, or implied, if ib is a charge, it equally binds, and must be equally protected. Upon the whole, I think that the Decree dismissing the Bill against all but the Executor, must be reversed, and the cause sent back, with directions to the Court below, that for so much as the personal estate shall fall short of paying the legacies, they constitute a charge upon the land.
. Judges Cabeíl and Coalter concurred, and the Decree was reversed.

 Absent, the Prestrext and Judge Green.